

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Honorable E. L. Hinson, Jr.
County Auditor, Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-5675
Re: Whether the County Treasurer
of Polk County can be appointed
Veterans County Service Officer
under House Bill No. 368, Acts
of the 48th Legislature, 1943,
and continue to hold the office
of County Treasurer at the same
time.

Your letter of October 13, 1943, requesting the opinion of this department on the above stated question reads, in part, as follows:

"The Commissioners' Court of Polk County has created the office of Veterans County Service Officer under the Acts of the 48th Legislature, it being Chapter 330, and House Bill 368 of said Legislature.

"I would like for an Opinion on the following question:

"Can the County Treasurer of Polk County be appointed Veterans County Service Officer and continue to hold the office of County Treasurer and at the same time be the County Service Officer as created under the Acts of the 48th Legislature?"

House Bill No. 368, Acts of the 48th Legislature, 1943, reads, in part, as follows:

"Section 1. When the commissioners' court of the county shall determine that a Veterans County Service Officer is a public necessity in the dispatch

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. L. Hinson, Jr., page 2

> of the county business, it shall by a majority
> vote of the full membership thereof, create a d
> establish a Veterans County Service Office. The
> commissioners' court shall appoint such Veterans
> to such Service Office and such Assistant Veterans
> to such Service Office as shall be deemed necessary
> by the county commissioners' court. Such Veterans
> County Service Officer and/or Assistant Veterans
> County Service Officer shall receive a salary not
> to exceed one hundred ($100) dollars per month for
> the principal officer nor more than fifty ($50)
> dollars per month, fixed by the commissioners' court,
> to be paid in equally monthly installments out of the
> general funds of the county and all salaries, travel
> and other expenses of such office shall be paid on
> order of the commissioners' court.
>
> " * * *"

The Act further prescribes the qualifications of such Veterans County Service Officer and/or Assistant Veterans County Service Officer, the duties of such officers, the term of office, etc.

Literally construing the language in Section 1 of the Act, it is apparent that the commissioners' court is authorized to create and establish a Veterans County Service Office when the county commissioners' court determines that a Veterans County Service Officer is a public necessity in the dispatch of county business. Generally speaking, some offices are created by the Constitution and others by the statutes. It is a settled principle also that an office comes into existence only when created in the prescribed manner, and continues only so long as the law to which it owes existence remains in force; when that law is abrogated the office ipso facto ceases to exist, unless perpetuated by virtue of some other enactment. (City of San Antonio v. Coultress, 169 S. W. 917, 179 S. W. 515, 187 S. W. 194; Bennett v. City of Longview, 268 S. W. 786; Tex. Jur., Vol. 34, p. 327) In the case of Weaver v. Commissioners' Court of Nacogdoches County, 146 S. W. (2d) 170, the Supreme

Court of this State has said:

> "The creation of an office is peculiarly
> a legislative matter."

The question whether the commissioners' court creates the office or whether the Legislature has created the office and the Act merely furnishes a method by which appointment to the office is made, is not before us. If the Legislature has not created the office but authorizes the commissioners' court to create said office, then a serious question as to the constitutionality of the Act is raised. Therefore, we express no opinion as to the validity of said Act.

Specifically answering your question, it is our opinion that in view of Section 40, Article 16 of the State Constitution prohibiting the holding or exercising, at the same time, more than one civil office of emolument, the county treasurer cannot legally hold the office of County Treasurer and the office of Veterans County Service Officer at the same time.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:EP


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN